*675 MEMORANDUM *
After a trial on Antonio Simonelli’s disability discrimination claims, the jury rendered a verdict in favor of defendants University of California at Berkeley, its law school, and several of its employees (collectively, “the University”). Now, Simonelli appeals the district court’s orders denying his motion for new trial and his motion for partial attorney fees. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.
First, to whatever extent a psychiatrist may testify that someone claiming mental illness is malingering, Lipian’s testimony clearly crossed the line into an inadmissible general opinion of Simonelli’s character as a human being. See, e.g., United States v. Sine, 493 F.3d 1021, 1040 (9th Cir.2007) (“The jury has the ultimate task of making credibility determinations about individual witnesses.... ”). The district court abused its discretion in allowing Lipian to testify, for example, that Simonelli was motivated by secondary gain, that he has a long history (prior to the events of this case) of “gaming the system,” and that he is a “my way or the highway kind of guy.” These and other examples go way beyond a permissible professional opinion that a person does not suffer from mental illness and is feigning psychiatric symptoms.
Nevertheless, the error was harmless. It was for the jury to decide whether the University excluded Simonelli from its services or otherwise discriminated against him. Lipian’s testimony primarily pertained to the damages portion of the case — whether Simonelli suffered mental distress as a result of the University’s allegedly wrongful conduct. To the extent that Lipian’s testimony might have affected the jury’s evaluation as to liability, the remaining evidence, disregarding Lipian’s testimony, still overwhelmingly favored the University’s position. The evidence of the University’s efforts to meet Simonelli’s requests for accommodation was largely undisputed. Simonelli failed to establish that he was prejudiced by the testimony by Lipian that should not have been admitted.
Second, the district court did not abuse its discretion by admitting evidence that the University proposed alternative accommodations. Contrary to Simonelli’s belief, the University’s agreement to provide him with large print materials was not an admission that his requested accommodation was the only reasonable one.
Finally, the district court did not abuse its discretion by denying Simonelli attorney’s fees. Simonelli failed to demonstrate that the partial settlement agreement between the parties materially altered their relationship or that it bore the necessary judicial imprimatur. See Carbonell v. INS, 429 F.3d 894, 898 (9th Cir. 2005).
AFFIRMED.

 This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.